UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON T. CRAWFORD, | ) | 4:06 CV 3007 |
| | ) | |
| Petitioner, | ) | JUDGE ECONOMUS |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| MICHELLE EBERLIN, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND RECOMMENDED |
| | ) | DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

The petitioner Brandon T. Crawford ("Crawford") has filed a petition pro se for a writ of habeas corpus regarding his 2005 guilty plea on charges of drug possession, having weapons under disability, and receiving stolen property, in the Jefferson County, Ohio, Court of Common Pleas. The named respondent is Michelle Eberlin, Warden of Belmont Correctional Institution. The petition is based on two grounds, specifically:

1. Petitioner was denied due process and equal protection of the law, thereby engendering convictions to be void.

2. Petitioner was denied effective assistance of counsel in his First Amendment campaign for post-sentencing withdrawal of pleas.

(Doc. 1, at 8-11.)

The respondent contends that the petition should be denied because Crawford failed to exhaust his state court remedies. (Doc. 5, at 8.) Alternatively, respondent contends Crawford's two grounds for relief are without merit. Id. at 10. Crawford has filed a traverse. (Doc. 8.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2005, Crawford and three other individuals were charged in a seven count indictment. (Doc. 5, Respondent's Exhibit (RX) 1.)   Crawford was indicted by the grand jury on two counts: 1) Possession of Drugs in violation of Ohio Rev. Code § 2925.11(A) & (C)(4)(d), and 2) Possession of Drugs in violation of Ohio Rev. Code § 2925.11(A) & (C)(4)(c). Id.  On June 24, 2005, a motion to suppress was filed on Crawford's behalf. (Doc. 5, RX 5.)   On July 6, 2005, Crawford was again indicted by the grand jury for the following offenses: 1) Possession of Drugs in violation of Ohio Rev. Code § 2925.11(A) & (C)(4)(e), with forfeiture specification; 2) Possession of Drugs in violation of Ohio Rev. Code § 2925.11(A) & (C)(4)(c), with forfeiture specification; 3) having Weapons under Disability in violation of Ohio Rev. Code § 2923.13(A)(3); and 4) Receiving Stolen Property in violation of Ohio Rev. Code § 2913.51(A). (Doc. 5, RX 6.)

On August 30, 2005, the trial court held a change of plea and sentencing hearing, at which Crawford changed his earlier plea of not guilty and pleaded guilty in both criminal cases. (Doc. 5, RX 7, 9.)  That same date, Crawford was sentenced to an aggregate mandatory prison term of 10 years, forfeited three thousand three hundred and ninety dollars ($3,390.00), and provided notice of post-release control and a lifetime weapons disability. (Doc. 5, RX 8, 9.)

On September 29, 2005, through his trial attorney, Crawford filed a motion to set aside his conviction and withdraw his guilty pleas. (Doc. 5, RX 10.)  On October 17, 2005, the trial court overruled the motion. (Doc. 5, RX 11.)

On December 20, 2005, Crawford filed a pro se post-conviction relief petition in which he claimed his mandatory sentence was illegal pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. 5, RX 12.)  On January 19, 2006, the trial court overruled Crawford's motion for post-

2

conviction relief. (Doc. 5, RX 13.)  There is no evidence Crawford appealed the denial of his post-conviction petition.

On February 1, 2006, Crawford filed a second pro se post-conviction relief petition in which he claimed he was denied the effective assistance of trial counsel because he was essentially forced to enter a plea of guilty. (Doc. 5, RX 14.)  On February 23, 2006, the trial court overruled Crawford's second post-conviction petition after concluding it was essentially the same as Crawford's December 20, 2005 post-conviction petition.  The trial court stated:

> Defendant makes the bare claim that "Brandon Crawford essentially was forced to enter a plea" but sets forth no factual allegations that are outside the record.  At Defendant's Change of Plea hearing, the Court inquired at length about the voluntariness of Crawford's plea and Crawford assured the Court that his plea was voluntary and that he was promised nothing and that he had not been threatened in any way, all of which was on the record.

(Doc. 5, RX 15, at 2.)  There is no evidence Crawford appealed the denial of his February 1, 2006 post-conviction petition.

On March 2, 2006, Crawford filed a motion for leave to file a delayed appeal under Ohio App. R. 5.  (Doc. 5, RX 19.)  Crawford asserted that the delay was the result of the fact that he "is a layman in the law and essentially was not told by counsel of record as well as the court that he could in fact appeal his sentence." Id. at 2.  On July 19, 2006, Crawford filed a pro se motion to dismiss his delayed appeal request. (Doc. 5, RX 21.)  On July 28, 2006, the Seventh District Court of Appeals for Jefferson County, Ohio, denied Crawford's motion for a delayed appeal because he failed to show good cause for the delay. (Doc. 5, RX 22.)  The appellate court's judgment entry states:

> Pro-se appellant has filed a motion for delayed appeal from a September 1, 2005 judgment entry imposing an agreed upon sentence of ten (10) years after his guilty plea to multiple felony charges.

3

The State of Ohio has filed an extensive memorandum in opposition, attaching copies of the change of plea and sentencing hearing transcript, the judgment entries of sentence, and copies of appellant's post-sentence filings to withdraw his guilty plea for post-conviction relief.

In support of a delayed appeal appellant asserts that the six month delay was attributable to the fact that he "is a layman in the law and essentially was not told by counsel of record as well as the court that he could in fact appeal his sentence."

Appellee points out that pursuant to R.C. 2953.08(D) a jointly recommended sentence imposed by the trial judge is not subject to review. Moreover, the appellant has filed his own post-conviction petitions and it was only after they were denied that he filed this motion for delayed appeal seeking to challenge the sentence imposed by the trial court.

For the reasons stated in appellee's memorandum in opposition and for the further reason that appellant has not stated good cause for his delaying in seeking this Court's review it is ordered that the motion for delayed appeal is denied. Appeal dismissed.

Id.  There is no evidence Crawford appealed the denial of his delayed appeal request.

On July 19, 2006, the same day Crawford filed his motion to dismiss his delayed appeal request, Crawford filed a second pro se motion for leave to file a delayed appeal seeking review of his August 30, 2005 conviction and sentencing, and the denial of his September 29, 2005 motion to set aside his conviction and withdraw his guilty pleas. (Doc. 5, RX 25.)  On September 13, 2006, the Seventh District Court of Appeals for Jefferson County, Ohio, denied Crawford's motion for a delayed appeal. (Doc. 5, RX 27.)  The appellate court's journal entry states:

A thorough reading of the appellant's memorandum again leads to the conclusion that he has not stated good cause for his failure to timely assert his right to appeal his sentence and the denial of his motion to withdraw the guilty pleas.

The trial court docket record discloses that appellant filed his own post-conviction petition.  That is indicative of the fact that he has knowledge of post-sentence methods to challenge his conviction and sentence.

4

In addition, the sentencing entry reveals that appellant had served two prior prison terms, leading to a reasonable conclusion that those experiences provided him with sufficient knowledge as to his legal rights and when they must be exercised.

Appellant has not presented this Court with good cause explaining why a timely appeal was not filed.

Id.  There is no evidence Crawford has ever attempted to seek appellate review of the denial of his second motion for delayed appeal.

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

5

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Crawford has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  EXHAUSTION AND PROCEDURAL DEFAULT

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  The exhaustion requirement affords the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the

6

petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.  However, "an unexhausted claim may be considered if the claim cannot succeed on the merits and will not result in a grant of relief."  Gaston v. Haviland, No. 3:04cv7725, 2006 WL 355287 (N.D. Ohio 2006) (quoting Rockwell v. Yukins, 217 F.3d 421, 424 (6th Cir. 2000)).

If a claim has not been presented to the highest court in the state, the claim is deemed exhausted when the petitioner is foreclosed from raising it in that forum because the time for filing has expired or he is otherwise procedurally barred from raising it.  Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995).  If a petitioner fails to appeal a claim to the highest court in the state and the opportunity to do so has passed, the claim is procedurally defaulted.  Teague v. Lane, 489 U.S. 288, 297-98 (1989).  Likewise, failure to raise a claim in the state courts results in a waiver of that claim.  Coleman, 501 U.S. at 749-50.

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

7

Where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750). "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded counsel's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Crawford did not appeal either trial court's denial of either his December 20, 2005 post-conviction petition or his February 1, 2006 post-conviction petition. Thus, Crawford has procedurally defaulted the claims raised in these petitions unless he can demonstrate cause and actual prejudice. Crawford has not endeavored to present any justification as "cause" for this procedural default. Accordingly, these claims are procedurally defaulted.

On July 19, 2006, Crawford filed a motion for leave to file a delayed appeal seeking review of his conviction and sentencing and his September 29, 2005 motion to set aside his conviction and withdraw his guilty plea. The appellate court denied the motion for leave on September 12, 2006. Petitioner had thirty days following the appellate court's decision to file an appeal with the Ohio Supreme Court. See Ohio. Sup. Ct. R. II, § 4A(1)(a). There is no evidence Crawford attempted to appeal the appellate court's decision to the Ohio Supreme Court. Petitioner has failed the exhaustion requirement with respect to the claims in his July 19, 2006 motion for leave. Crawford still has available to him a motion for leave to file a delayed appeal to the Ohio Supreme Court. After the time for appeal to the Ohio Supreme Court has passed, a criminal defendant may seek leave to file a delayed appeal by filing a motion for leave to appeal setting forth the reasons for the delay. See

8

Ohio Sup. Ct. R. II, § 5(A)(1) & (2). Although Crawford has failed to meet the exhaustion requirement, because none of Crawford's claims can succeed on the merits, it would be futile to require Crawford to file a motion for delayed appeal rather than resolve the issue in these proceedings.

## IV. DUE PROCESS VIOLATION

The first ground of the petition is:

1.      Petitioner was denied due process and equal protection of the law, thereby engendering convictions to be void.

(Doc. 1, at 8.)  In support of this claim, Crawford asserts that the trial court coerced him into pleading guilty and thus, his guilty plea was not made voluntarily, knowingly, and intelligently. (Doc. 1, at 6-7; Doc. 8, at 4.)

The Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid. DeSmyther v. Bouchard, No. 03-1419, 2004 WL 1921182 (6th Cir. Aug. 25, 2004) (per curiam), cert. denied, 544 U.S. 921 (2005) (citing Brady v. United States, 397 U.S. 742 (1970)).  Regarding habeas review of state plea bargains, the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

DeSmyther, 2004 WL 1921182 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980), cert. denied, 454 U.S. 840 (1981)).  See generally Mabry v. Johnson, 467 U.S. 504, 508 (1984) (concluding voluntary, intelligent guilty plea may not be collaterally attacked).

The trial court found that Crawford's plea was entered "knowingly, voluntarily and intelligently." (Doc. 5, RX 9, at 33.) On February 1, 2006, Crawford filed a second motion for post-conviction relief. (Doc. 5, RX 14.) In denying the motion, the trial court stated:

> Defendant makes the bare claim that "Brandon Crawford essentially was forced to enter a plea" but sets forth no factual allegations that are outside the record. At Defendant's Change of Plea hearing, the Court inquired at length about the voluntariness of Crawford's plea and Crawford assured the Court that his plea was voluntary and that he was promised nothing and that he had not been threatened in any way, all of which was on the record.

(Doc. 5, RX 15.)  The change of plea hearing transcript supports the statements of the trial court:

> THE COURT: But I don't want you to think that you're backed into this. If you think that based upon all the possibilities here this is the best thing for you to do that's great. That's kind of what you are supposed to do. If you think you have no choice and that you're required to do this I'm not going to let you do it. You are not required to do this.
>
> MR. CRAWFORD: Yes, sir. I got children. I'll take the plea. I can't do more than ten because then my kids be grown and I missed their whole life.
>
> THE COURT: That's between you and them. What I need to know from you is that this is being done voluntarily, which means that you think this is the best thing for you to do, not that you have to do it, not that you have no choice, cause you do have choices. They might not be good choices but you have some. You understand that?
>
> MR. CRAWFORD: Yes, sir.
>
> THE COURT: You could always go to trial. You understand that?
>
> MR. CRAWFORD: Yes, sir.
>
> THE COURT: If you get found not guilty you go home and none of this happens. Understand that?
>
> MR. CRAWFORD: Yes, sir.
>
> THE COURT: If you get found guilty on one or more your sentencing would be in accordance with the guidelines. So, whatever the guidelines indicate based on

your record, not somebody else's record, not on how mad the Prosecutor is, but your records.  Understand that?

        MR. CRAWFORD: Yes, sir.

        THE COURT: Now, if based on all that you want to do this great, we'll do it.  If you don't, we'll go the day after tomorrow.

        MR. CRAWFORD: No sir, I'll take the plea.

(Doc. 5, RX 9, at 8-10.)  The court also explained to Crawford the effect of his guilty plea on his right to remain silent, confront witnesses, compel witnesses, and be represented by retained or appointed counsel at trial. Id. at 6-33.

        In addition to the trial transcript, Crawford's own statements support a conclusion that his guilty plea was made voluntarily, knowingly, and intelligently, and not coerced.  In his petition, Crawford states:

> Time elapsing between change of plea hearing and motion to withdraw pleas, August 30, 2005 to September 29, 2005 (30 days), evinces a "swift change of heart."  This assertion is further underpinned by, fact, that Petitioner wrote counsel immediately after arriving at the [Lorain County Correctional Institute].

(Doc. 1, at 9.)  In Crawford's letter to his retained counsel, he states:

> I writing you in regards to withdraw my guilty plea! To my knowledge I have 30 days to do so. So that will make Sept. 30th my deadline if I am correct.  I feel that I want to try my changes instead of doing 10 years mandatory.

(Doc. 5, RX 10, at 8.)  Crawford has not established that he was coerced into entering his guilty plea.

        Crawford next claims that he was not informed of his right to appeal, and thus, his guilty plea was not made voluntarily, knowingly, and intelligently. (Doc. 1, at 6-7; Doc. 8, at 4.)  Crawford claims that:

> It matters not that state appellate court reasoned that Petitioner's criminal past should have produced adequate knowledge of law, because court didn't address, or

11

adjudicate, merits of his constitutional contentions attacking propriety of proceedings.

(Doc. 1, at 8.)

Under Ohio law, a defendant who pleads guilty to a felony may appeal as a matter of right the sentence imposed on one of several grounds specified in the statute. R.C. § 2953.08(A). Federal courts have found that "due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights." See, e.g., Wolfe v. Randle, 267 F.Supp.2d 743, 746 (S.D. Ohio 2003) (citing Peguero v. United States, 526 U.S. 23 (1999); White v. Johnson, 180 F.3d 648, 652 (5th Cir. 1999)). Thus, a constitutional violation occurs when a criminal defendant is denied his right to appeal because he lacked knowledge of that right, and both the court and his counsel failed to advise him of his appellate rights. Hall v. Yanai, No. 05-4006, 2006 WL 2787041 (6th Cir. Sept. 27, 2006) (per curiam), cert. denied, 127 S.Ct. 2944 (June 11, 2007); Jacobs, 265 F.3d at 419 (citing Goodwin v. Cardwell, 432 F.2d 521, 522-23 (6th Cir. 1970)); Wolfe, 267 F.Supp.2d at 747. See generally Coleman, 501 U.S. at 755-756; Evitts v. Lucey, 469 U.S. 387, 396-397 (1985); and Douglas v. California, 372 U.S. 353 (1963).

The court in Wolfe v. Randle addressed the requirements of notice:

> In order to be properly informed, a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. Further, a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights.

Wolfe, 267 F.Supp.2d at 748 (internal citations omitted).

Here, the trial court did not notify Crawford of his appellate rights. (Doc. 5, RX 7, 9.) In addition, Crawford alleges trial counsel did not inform him of his appellate rights. (Doc. 1, at 2.)

12

However, the failure to inform a defendant of his right to appeal his sentence does not entitle him to collateral relief where he is aware of his right to appeal, and thus, suffers no prejudice by the omission. Peguero, 526 U.S. 23. Crawford has not averred that he was unaware of his ability to appeal his sentence and guilty plea. Moreover, the record suggests that Crawford had knowledge of his appellate rights. On March 2, 2006, Crawford filed a motion for delayed appeal, and in support, claimed the six month delay was attributable to the fact that he "is a layman in the law and essentially was not told by counsel of record as well as the court that he could in fact appeal his sentence." (Doc. 5, RX 19, at 2.) The State of Ohio filed a response, arguing that pursuant to R.C. § 2953.08(D), a jointly recommended sentence imposed by the trial judge is not subject to review. (Doc. 5, RX 20a, at 13-14.) The State noted that Crawford retained a well-respected trial attorney, who zealously represented Crawford in his case. Id. at 2. The State also pointed out that Crawford was no stranger to the criminal justice system, having previously pled guilty to drug and weapons related charges in 1997 and again in 1999. Id. For the reasons stated in the State's response, and for the further reason that Crawford failed to state good cause for his delayed appeal, the trial court denied Crawford's motion. (Doc. 5, RX 22.) Crawford filed a second motion for delayed appeal on July 19, 2006. In denying the motion, the trial court stated:

> A thorough reading of the appellant's memorandum again leads to the conclusion that he has not stated good cause for his failure to timely assert his right to appeal his sentence and the denial of his motion to withdraw the guilty pleas.

> The trial court docket record discloses that appellant filed his own post-conviction petition. That is indicative of the fact that he has knowledge of post-sentence methods to challenge his conviction and sentence.

> In addition, the sentencing entry reveals that appellant had served two prior prison terms, leading to a reasonable conclusion that those experiences provided him with sufficient knowledge as to his legal rights and when they must be exercised.

13

(Doc. 5, RX 27, at 1.)  Thus, the record suggests Crawford was aware of the right to appeal his sentence, and he has not presented any evidence or arguments to the contrary.

The first ground of Crawford's petition fails on its merits because Crawford has not demonstrated that the state court decisions finding his plea was entered "knowingly, voluntarily and intelligently" were contrary to, or involved an unreasonable application of, clearly established federal law.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

The second ground of the petition is:

1.      Petitioner was denied effective assistance of counsel in his First Amendment campaign for post-sentencing withdrawal of pleas.

(Doc. 1, at 11.)  In support of this claim, Crawford asserts that his trial counsel filed and argued his motion to withdraw his guilty plea despite expressing to Crawford that someone else would have to represent him. (Doc. 1, at 9.)  Crawford asserts that ethical issues made the hearing and decision unreliable. Id.  Crawford also argues that counsel failed to advise him of the effect a guilty plea would have on his right to appeal the suppression determination. Id.

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)).  See generally Coleman, 501 U.S. at 755-756; Evitts, 469 U.S. at 396-397.  In Strickland, the Supreme Court formulated a two-part test for examining an ineffective assistance of counsel claim. Strickland, 466 U.S. at 691.

First, the petitioner must show that:

" . . . counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate

14

the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

Miller v. Webb, 385 F.3d 666, 672 (6th Cir. 2004) (quoting Strickland, 466 U.S. at 689).  In order to avoid second-guessing counsel's decisions, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Frazier v. Huffman, 343 F.3d 780, 794 (6th Cir. 2003), cert. denied, 541 U.S. 1095 (2004) (quoting Strickland, 466 U.S. at 689, internal quotation marks omitted); Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

In addition, any deficient performance alone is not sufficient to grant relief on a claim for ineffective assistance of counsel. Strickland's second prong requires that counsel's deficiency must have actually caused prejudice to the petitioner.  Joshua, 341 F.3d at 437.  The second requirement is that the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Frazier, 343 F.3d at 794 (quoting Strickland, 466 U.S. at 694); Washington, 228 F.3d at 702.

The first issue is whether counsel's representation of Crawford in his motion to withdraw his guilty plea fell below an "objective standard of reasonableness."  The second issue is whether counsel's failure to advise Crawford of the effect a guilty plea would have on his right to appeal the suppression determination falls below an "objective standard of reasonableness."  However, even assuming counsel's performance was deficient, Crawford has not shown to the court's satisfaction that he was actually prejudiced by any deficiency.  Crawford has not endeavored to explain how,

15

but for counsel's errors, there is a reasonable probability that trial court's ruling on his motion to withdraw his guilty plea would have been different.  And Crawford has not argued or pointed to any evidence indicating that, had he been advised of the effect his guilty plea would have on his right to appeal the suppression determination, he would not have entered an unconditional guilty plea.

The court finds that Crawford has not demonstrated a constitutional violation contrary to clearly established federal law.

## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied.  Petitioner failed to meet the exhaustion requirement and/or procedurally defaulted both grounds of his petition.  In addition, neither of Crawford's grounds can succeed on the merits because he has failed to establish that the state court's decisions on the various issues were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## RECOMMENDATION

It is recommended that the petition be denied.


Dated: <u>January 4, 2007</u>                    <u>  /s/ Kenneth S. McHargh    </u>
                                                 Kenneth S. McHargh
                                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

16